IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE RODRIGUEZ GARCIA, | ) | |
| Petitioner, | ) | No. C 02-2481 CRB (PR) |
| vs. | ) | ORDER |
| D. L. RUNNELS, Warden, | ) | (Doc # 15) |
| Respondent. | ) | |

On April 1, 2003, the court denied on the merits petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 and the clerk entered judgment in favor of respondent.

On May 10, 2004, petitioner filed a request for an extension of time to appeal. The request was denied as untimely under Federal Rules of Appellate Procedure 4(a)(5) and 4(a)(6). See June 15, 2004 Order at 1.

On April 8, 2009, the Ninth Circuit received a letter from petitioner requesting permission to file a late appeal. The Ninth Circuit forwarded the letter to this court. The request again must be denied as untimely. See Fed. R. App. P. 4(a)(5) (motion for extension of time under Rule 4(a)(5) must be filed within 30 days after time to appeal has expired); Fed. R. App. P. 4(a)(6) (motion for extension of time under Rule 4(a)(6) must be filed within 180 days of the entry of judgment or 7 days from receipt of notice of judgment, whichever occurs first).

In a nutshell, relief from the expiration of the time to appeal may not be sought after the 180-day period in Rule 4(a)(6) has expired.  See <u>In re Stein</u>, 197 F.3d 421, 425 (9th Cir. 2000); <u>see also</u> <u>id.</u> at 426-27 (Rule 4(a) is exclusive avenue for relief from expiration of period to file timely notice of appeal; Fed. R. Civ. Proc. 60(b) cannot be used to avoid expiration of 180-day time period).

SO ORDERED.

DATED:  May 27, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.02\Garcia1.or3.wpd

2